STATE OF NEW JERSEY, PLAINTIFF, v. ZACHARY C. YOUNG, JR., DEFENDANT.

Superior Court of New Jersey
Resentencing Panel

Decided February 20, 1980.

490

Before Judges COLEMAN, MARZULLI and YANOFF.

*Susan H. Fessler*, Assistant Deputy Public Defender, for defendant (*Stanley C. Van Ness*, Public Defender, attorney).

*Bradford M. Bury*, Assistant Prosecutor, for plaintiff (*John H. Stamler*, Union County Prosecutor, attorney).

PER CURIAM.

This case supplements *State v. Reed*, 174 *N.J.Super.* 407 (Resentencing Panel 1980).

Defendant was convicted of uttering a forged signature on a stolen check, in the amount of $260. For this he received a sentence of 2½ to 3 years concurrent to a sentence imposed for violation of probation.

*State v. Reed* points out that forgeries in most cases involve obtaining money by false pretenses and thus convictions for forgery are congruent to thefts by deception under *N.J.S.A.* 2C:20–4. In *Reed* the amount involved exceeded $500, and the crime was one of the third degree. *N.J.S.A.* 2C:20–2 b(2)(a). In this case, however, if the congruent offense is controlled by Chapter 2C, the crime is one of the fourth degree because the amount exceeds $200, but is less than $500 (*N.J.S.A.* 2C:20–2 b(3)), for which the maximum punishment is 18 months (*N.J. S.A.* 2C:43–6). If Chapter 21 of the Code dealing with "Forgery

and Fraudulent Practices" be considered applicable, since the forged instrument was a check the crime is not elevated beyond the fourth degree *N.J.S.A.* 2C:21–1 b; *State v. Reed, supra.*

Because the sentence imposed upon defendant exceeds the maximum possible under the Code, he is entitled to be considered for resentencing *N.J.S.A.* 2C:1–1 d(2). A date will be fixed for that purpose.